UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAJAZZ A. SMITH,<br>    Plaintiff,<br>v.<br>OFFICER J. BENEFIELD,<br>    Defendant. | Case No. 18-cv-03168-YGR (PR)<br><br>**ORDER OF DISMISSAL** |

**I. INTRODUCTION**

Plaintiff, who is transgender and a former state prisoner who had been incarcerated at Salinas Valley State Prison ("SVSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Her motion for leave to proceed *in forma pauperis* ("IFP") will be granted in a separate written order.

Venue is proper because the events giving rise to the claim are alleged to have occurred in SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In her complaint, Plaintiff names SVSP Correctional Officer J. Benefield as the sole Defendant in this action. Dkt. 1 at 2. Plaintiff seeks monetary and punitive damages. *Id.* at 3.

For the reasons stated below, the Court DISMISSES the complaint for failure to state a claim for relief.

**II. DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claim**

Plaintiff claims that on October 9, 2017, she was verbally abused by Defendant while she was performing her inmate duties. Dkt. 1 at 3. Plaintiff elaborates as follows:

> [Defendant] stated I am a man in a man['s] prison . . . I got a dick between my legs and until I get it cut off I[']m not transgender. [Defendant] stated I[']m a sin [be]cause of my gender . . . [and to] get a dick up my ass [and] die [be]cause that[']s what happens to fags like me.

*Id.* Plaintiff claims that as a result of this interaction, she was "forced to change [her] job." *Id.* Plaintiff also alleges that she suffered "major distress" due to this incident. *Id.*

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See*, *e.g.*, *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Batton v. North Carolina*, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under section 1983).

Here, the conduct alleged by Plaintiff does not rise to the level of an Eighth Amendment violation because she does not allege anything more that verbal harassment and abuse by Defendant. *See id*. Thus, Plaintiff has failed to demonstrate a constitutional violation and further amendment would be futile. Accordingly, this action is DISMISSED without leave to amend. *See Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend properly denied if amendment would be futile).

### III. CONCLUSION

For the reasons stated above, the Court orders as follows:

1. This action is DISMISSED for failure to state a claim under section 1983. Leave to amend will not be granted as it appears amendment would be futile.

2. The Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

3. The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: August 9, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge